
# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. 1:24-cv-01206 |
|---|---|---|
| Plaintiff, | ) | Judge J. Philip Calabrese |
| v. | ) | Magistrate Judge James E. Grimes Jr. |
| MELVIN HODGE, | ) | |
| SHERMAN THOMAS, | ) | |
| CARVIN COOK, | ) | |
| and | ) | |
| FRANK BLACK | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

The indictment charges four Defendants with the following drug offenses:

| Count | Charge | Defendants |
|---|---|---|
| 1 | Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances | Hodge<br>Thomas<br>Cook<br>Black |
| 2 | Possession with Intent to Distribute Methamphetamine | Thomas |
| 3 | Possession with Intent to Distribute Cocaine | Hodge |
| 4 | Using or Maintaining a Drug Premises | Thomas<br>Cook<br>Black |

In addition, Count 5 charges Mr. Thomas with possession of a firearm and ammunition by a convicted felon. In a separate case, Quinton Parries was also charged in connection with this conspiracy. *See United States v. Parries*, No. 1:23-cr-250 (filed May 3, 2023). Mr. Parries has since pled guilty.

Defendant Frank Black moves under Rule 14 of the Federal Rules of Criminal Procedure and the Sixth Amendment of the Constitution for a trial separate from the other Defendants charged in this case. Mr. Black argues that he will be prejudiced in a joint trial because he is not charged in Count 2, Count 3, or Count 5. And he argues that a jury will not be able to distinguish between the evidence on each count, that the other Defendants will assert defenses prejudicial to him, and that there may be violations of *Bruton v. United States*, 391 U.S. 123, 136 (1968). The United States opposes the motion, arguing that Mr. Black has failed to demonstrate that any prejudice will result from a joint trial. For the following reasons, the Court **DENIES** the motion.

## ANALYSIS

As an initial matter, Mr. Black does not raise a claim under *Bruton*. After describing the type of statements at issue in *Bruton*, he concludes that "defense counsel is unaware if such statements exist" in this case and only "reserves his right to later move the Court for severance, if necessary," on the basis of *Bruton*. (ECF No. 75, PageID #357.) Accordingly, the Court need not consider the *Bruton* issue further.

Rule 8(b) of the Federal Rule of Criminal Procedure allows an indictment to join multiple defendants "if they are alleged to have participated in the same act or

2

transaction, or in the same series of acts or transactions." Each count does not need to charge all of the defendants. *Id.* Mr. Black does not challenge the joinder of Defendants in this indictment.

To promote judicial efficiency and avoid inconsistent verdicts, "[t]here is a preference for joint trials of defendants who are indicted together" under Rule 8(b). *United States v. Long*, 190 F.3d 471, 476 (6th Cir. 1999) (citing *Zafiro v. United States*, 506 U.S. 534, 537 (1993)). Defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials, and even mutually antagonistic defenses are not prejudicial per se. *Id.* (citing *Zafiro*, 506 U.S. at 538 & 540). Instead, a court should grant severance only if there is a "serious risk" that a joint trial would compromise a defendant's "specific trial right," or "prevent the jury from making a reliable judgment about guilt or innocence." *Murr v. United States*, 200 F.3d 895, 904 (6th Cir. 2000) (quoting *Zafiro*, 506 U.S. at 539). Therefore, a defendant seeking severance "bears a strong burden and must demonstrate substantial, undue, or compelling prejudice." *United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006) (quoting *United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999)).

Mr. Black has not carried this burden. His motion includes only conclusory assertions that "in a joint trial, it is unlikely the jury will be able to keep the evidence . . . separate and apart," that "[m]ost certainly defenses asserted by co-defendants will be prejudicial," and that there are "potential irreconcilable conflicts between the co-defendants' constitutional rights." (*See* ECF No. 75, PageID #355–56.) His motion does not elaborate, but the record makes his concern clear. Though charged with

3

conspiracy (Count 1) and using or maintaining a drug premises (Count 4), Mr. Black would prefer to keep out of his trial the actual charges involving possession with intent to distribute in Count 2 and Count 3, with which he is not charged, leaving the focus on drugs in Count 1 and Count 4 somewhat more oblique.  However, Mr. Black is charged with the same conspiracy as the other Defendants, and the evidence in Count 2 and Count 3 directly relates to the conspiracy charge.  As for Count 5, which charges Mr. Thomas with a federal gun offense, it will scarcely surprise a lay jury that a member of an alleged drug conspiracy possessed a gun.  Any prejudice to Mr. Black from that evidence in a trial involving him is slight at best.  Certainly, it does not rise to the level of compromising a specific trial right.

Finally, the Court notes that a single trial involving multiple Defendants and multiple counts in a case like this one will, in its experience, not prove so taxing or confusing for a lay jury to process or make separate determinations of guilt or innocence as to require separate trials.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Frank Black's motion to sever (ECF No. 75).

**SO ORDERED.**

4

Dated: November 29, 2024

                                          J. Philip Calabrese
                                          United States District Judge
                                          Northern District of Ohio